FILED

02/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0345

DA 22-0345

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 27N

JAYLENE CECELIA PHILLIPS,

       Petitioner and Appellee,

  v.

LEONIE CANDICE WEBB,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Phillips, Cause No. DR-21-18
Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Thane P. Johnson, Johnson, Kevin H. Ness, Berg & Saxby, PLLP,
Kalispell, Montana

      For Appellee:

        Craig Wahl, Wahl Law Firm, PLLC, Billings, Montana

Submitted on Briefs:  January 4, 2023

Decided:  February 14, 2023

Filed:

                  _____
                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Leonie Candice Webb (Candy) appeals from an order entered by the Seventeenth Judicial District Court denying her motion to dismiss this protection proceeding for lack of subject matter jurisdiction. Candy argues the District Court erred by incorrectly determining that the subject assault occurred outside the Fort Belknap Indian Reservation, and by failing to make findings regarding the tribal status of the involved parties.

¶3      According to the District Court's findings, on May 21, 2021, Jaylene Phillips (Jaylene) drove from her home in Billings, Montana, to Frank Webb's (Frank) home, located near Lodge Pole, Montana, and within the Reservation. Jaylene and Frank have two minor daughters together, K.L.W. and O.T.W., and Frank had asked Jaylene to fix their daughters' hair for a kindergarten graduation later that day. Thereafter, Frank's mother, Candy, drove the group—Candy, Frank, Jaylene and the girls, to Dodson, Montana, for the event. While still at Frank's home, before the drive began, Jaylene testified Frank was irritated and agitated, and about fifteen minutes after Jaylene arrived, Frank confronted Jaylene with his concerns about her relationship with another man. Becoming concerned for her physical safety, Jaylene went into the bathroom and downloaded a recording device to her phone that she used to record the subsequent incident.

2

¶4 Once the group was in the car, Candy and Frank began assaulting Jaylene, both physically and verbally. Frank strangled Jaylene at one point, and Candy and Frank refused to let her out of the car. The trip began within the boundaries of the Reservation and continued off the Reservation, including within the town of Dodson. Once they reached Dodson, they drove around for twenty minutes while Candy and Frank continued their assaultive behaviors upon Jaylene. Jaylene and Candy offer different perspectives about the abuse and Candy's involvement in it, but the District Court found from the evidence, including the audio recording, that Jaylene's account was credible and consistent with the recording. Candy's briefing does not demonstrate these findings are clearly erroneous.

¶5 Shortly after the May 21 incident, Jaylene moved to a domestic violence shelter in Billings. Candy came to the domestic violence shelter, parked her vehicle outside, and did not leave until local law enforcement responded to Jaylene's calls and advised Candy to leave. Billings is outside the Reservation.

¶6 Jaylene petitioned for a temporary order of protection, which the District Court granted, and thereafter converted to a permanent order of protection, against Candy. The District Court found that "much of Candy's violent and abusive conduct occurred in the Dodson area and in Dodson and Billings all of which are located outside the exterior boundaries of the Fort Belknap Indian Reservation and within the State of Montana." Noting that state courts may assume jurisdiction over an Indian party who engages in "substantial activities . . . off the reservation," or in action involving "significant contacts with the state," citing *Judicial Stds. Comm'n v. Not Afraid*, 2010 MT 285, ¶ 11, 358 Mont. 532, 245 P.3d 1116, the District Court concluded it had jurisdiction over Jaylene's petition.

3

¶7 Candy argues the District Court failed to enter findings regarding the parties' Indian status. The record indicates Candy may be a tribal member of a Washington State tribe, but she is not a member of the Fort Belknap Tribe. It is asserted that Frank may be eligible for membership in the Fort Belknap Tribe, but he is not an established member. Jaylene is a descendent of the Fort Belknap Tribe, but is not a member herself. As such, no party in this case established Fort Belknap tribal membership status. More significantly, while Candy relies on *Big Spring v. Conway (in re Estate of Big Spring)*, 2011 MT 109, 360 Mont. 370, 255 P.3d 121, in that case we considered the state court's subject matter jurisdiction over parties when the subject events occurred within the exterior boundaries of a reservation. *Big Spring*, ¶ 3. Here, the actions for which the District Court issued the order of protection occurred outside the Reservation. Consequently, we need not determine the parties' Indian status to resolve the appeal.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON

4

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON